Ann HERNANDEZ; Lori Pelligri; Caroline Allen; Diane Elms; Susan Suhr-Gibson; Maribel Rodriquez–Going; Frank Lopp; Bridget Mooney; Nick Napier; Margie Pacheco; Adriana Wilson, individually and on behalf of all others similarly situated, Plaintiffs,

v.

Lamar ALEXANDER, in his capacity as Secretary of Education of the United States; Higher Education Assistance Foundation, Inc., a Minnesota corporation; Texas Education Corporation, d/b/a Southern Technical Institute; Wayne Gilpin, individually, and in his capacity as Officer of Texas Education corporation, d/b/a Southern Technical Institute; David Reasor, individually and as Officer of Texas Education Corporation, d/b/a Southern Technical Institute; Union Bank & Trust Co.; Bank Does I through X, inclusive, Defendants.

No. CV–S–91–705–PMP (RLH).

United States District Court,
D. Nevada.

Nov. 15, 1993.

Barbara Buckley, Nevada Legal Services, Inc., Las Vegas, NV, for plaintiffs.

John G. Interrante (Sec. of Education), Commercial Litigation Branch, Civ. Div., Washington, DC, John E. Leach (Higher Ed.

Assist. Found.), Woodburn & Wedge, Las Vegas, NV, for defendants.

## ORDER

PRO, District Judge.

Before the Court is Plaintiffs' Motion for Class Certification (# 113) filed November 10, 1992. Defendant Secretary of Education filed their Opposition (# 142) on April 29, 1993. Defendant Higher Education Assistance Foundation ("HEAF") filed their Opposition (# 146) to Plaintiffs' Motion on April 30, 1993. On October 27, 1993, Defendant HEAF filed Supplemental Authority in Opposition (# 163) to Plaintiffs' Motion for Class Certification. Plaintiffs filed a Reply (# 165) on October 27, 1993.

## I. INTRODUCTION

Plaintiffs are former students of the Las Vegas branch of Defendant Southern Technical Institute ("STI"), a now defunct vocational school. Plaintiffs were all enrolled in the "Psychiatric Assistant" program offered by STI. Plaintiffs allege that in order to pay for the tuition of the school, they received Guaranteed Student Loans ("GSL") from Defendant banks. These loans were insured by a guaranty agency, Defendant HEAF, and reinsured by the federal government.

The gravamen of Plaintiffs' complaint is that STI was essentially a "sham" school that fraudulently promised students that they would become "Certified Psychiatric Assistants" when no such occupation existed; that students would be counselors when, in fact, no one would be qualified as a counselor after receiving this training; and that employers in the mental health field were anxious for trained graduates when, in fact, they were not.

Plaintiffs bring the instant cause of action for declaratory relief that STI and its program were ineligible for financial aid. As a result of this ineligibility, the Secretary of Education should require STI to repurchase all of the GSLs. Plaintiffs also seek a declaration that STI is liable for breach of contract, fraud, and unfair and deceptive trade practices acts. Plaintiffs further seek declaratory relief that because of the relationship between the banks and STI, Plaintiffs may assert all defenses they have against STI against the banks. Plaintiffs also seek a declaration that the holder in due course rule applies to any entity attempting to collect sums owed by the students and borrowed to obtain training at STI. Finally, Plaintiffs seek injunctive relief prohibiting collection of the GSLs.

## II. ANALYSIS

Plaintiffs propose in the instant Motion that the following class should be certified:

Those individuals who received federal financial assistance to enroll as students at Southern Technical Institute (STI) for training as a "psychiatric assistant" between May 1989 and May 1990.

Rule 23 of the Federal Rules of Civil Procedure ("FRCP") governs the maintenance of class actions in federal court. Under Rule 23(a) a member of a class may sue on behalf of the class itself "only if (1) the class is so numerous the joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately represent the interests of the class."

In addition to the requirements of Rule 23(a), Rule 23(b) must also be satisfied. Plaintiffs rely upon subsections (2) and (3) of Rule 23(b) in support of their argument for class certification. Rule 23(b)(2) provides that a class action is maintainable if:

the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

Alternatively, Plaintiffs argue that they satisfy the requirements of Rule 23(b)(3), which states that a class action is maintainable if:

the court finds that the questions of law or fact common to the class predominate over any questions affecting only individual

members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

■ To qualify for certification under Rule 23, Plaintiffs bear the burden of proving that all four elements of Rule 23(a) are satisfied and that one or more of the three alternatives of Rule 23(b) are satisfied. *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985). To determine if these requirements are met, the court must look particularly to the allegations of the complaint, which the court must accept as true. *Blackie v. Barrack*, 524 F.2d 891, 900 (9th Cir.1975), *cert. denied*, 429 U.S. 816, 97 S.Ct. 57, 50 L.Ed.2d 75 (1976). Failure to satisfy any one of the requirements of Rule 23(a) precludes certification. *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 161, 102 S.Ct. 2364, 2372, 72 L.Ed.2d 740 (1982).

■ The determination of whether to certify a class does not permit or require a preliminary inquiry into the merits. Only the class certification requirements of Rule 23 need be considered at the class certification stage. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177–78, 94 S.Ct. 2140, 2152–53, 40 L.Ed.2d 732 (1974). However, before certifying a class action the trial court must be satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been met. *Falcon*, 457 U.S. at 161, 102 S.Ct. at 2372.

In this case, there is no dispute that the Rule 23(a) requirement of adequacy of representation is met. Defendants' objections to certification center instead upon the alleged absence of the requisite elements of numerosity, commonality, and typicality set forth in subsections (1), (2), and (3) of Rule 23(a). Because this Court finds that Plaintiffs have failed to meet their burden of demonstrating that the class is so numerous the joinder of all members is impracticable, Plaintiffs motion must be denied.

■ Plaintiffs seek to define a class that totals 52 in number. This Court is aware that there is no exact numerical formula which is used to determine whether a group of plaintiffs is sufficiently numerous to be certified as a class and that this determination must be made on a case by case basis. *Kraszewski v. State Farm Ins. Co.*, 27 F.E.P. Cases (BNA) 27, 29, 1981 WL 26982 (N.D.Cal.1981). Nevertheless, relatively speaking, this potential class is small and, therefore, its size alone is insufficient to meet the numerosity requirement.

However, in some instances, joinder may be impracticable even where the relative size of the potential class is small. "Apart from class size, factors relevant to the joinder impracticability issue include judicial economy arising from avoidance of a multiplicity of actions, geographic dispersement of class members, size of individual claims, financial resources of class members, the ability of claimants to institute individual suits, and requests for prospective injunctive relief which would involve future class members." Herbert B. Newberg, *Newberg on Class Actions* § 3.06 (1985). *See also Jordan v. City of Los Angeles*, 669 F.2d 1311, 1319–20 (9th Cir.), *vacated on other grounds*, 459 U.S. 810, 103 S.Ct. 35, 74 L.Ed.2d 48 (1982).

■ In the instant action, Plaintiffs argue that the class should be certified despite its small size because of the following: many members of the class "are of low income and without sufficient means to pursue this matter individually;" Plaintiffs are seeking injunctive relief; a large number of the students "are low income persons who change their place of residence often;" and the small amount of the individual awards ($2,625.00 plus interest) will make individual suits unlikely and make it difficult to obtain counsel.

However, apart from the fact that injunctive relief is sought and the evidence of the small amount of the individual awards, Plaintiffs provide this Court with no evidence demonstrating the existence of the above purported "indicia of impracticability." They have provided no evidence as to the lack of income or geographical dispersion of the potential class members. The small size of the potential class, coupled with this lack of evidentiary support for other factors of impracticability, dictate the conclusion that Plaintiffs have failed to demonstrate that subsection (a)(1) of Rule 23 is satisfied. Thus,

Plaintiffs have failed to carry their burden and their motion must be denied.[1]

IT IS THEREFORE ORDERED THAT Plaintiffs' Motion for Class Certification (# 113) is hereby denied.

---

1. In as much as all four elements of Rule 23(a) must be met in order to certify a class, and as Plaintiffs have failed to demonstrate that they can satisfy the numerosity requirement of Rule 23(a), it is unnecessary for the Court to consider the other requirements of Rule 23. *Mantolete v. Bolger*, 767 F.2d at 1424. Note, however, even if Plaintiffs could somehow satisfy the numerosity requirement, in light of the fact that Plaintiff's Complaint is predicated on fraudulent oral communications made by agents of Defendants, this Court entertains serious doubts as to whether Plaintiffs could meet the requirements of subsection (a)(2) of Rule 23. *See Graham v. Security Savings & Loan*, 125 F.R.D. 687 (N.D.Ind.1989), *aff'd on other grounds sub. nom., Veal v. First American Savings Bank*, 914 F.2d 909 (7th Cir. 1990); *Jackson v. Culinary School of Washington*, 788 F.Supp. 1233 (D.D.C.1992); *Tipton v. Secretary of Education*, Civil Action No. 2:90–0105, 1993 WL 545724 (S.D.W.Va. August 28, 1992); and *Miller, et al. v. Secretary of Education et al.*, Civ. No. 2: 90–0559 (S.D.W.Va. Sept. 30, 1993).